SMITH, Justice:
Jay A. Hicks and Sallie Harris Hicks appeal from a decree of the Chancery Court of Prentiss County establishing the boundaries of a two and one-half acre tract of land belonging to appellee, Mrs. Cleo Harris Bolton, and confirming title in her.
The record reflects that there were three surveys of this small tract of wild land, ownership of which admittedly was in Mrs. Bolton. The last survey, and that upon which the final decree was based, was the second made by the county surveyor under an order of the court. His first survey had been rejected because the instrument used had not been adjusted within the year preceding as required by Mississippi Code 1942 Annotated section 4285.
The description contained in Mrs. Bolton’s deed was as follows:
Part of the Northeast Quarter of Section 31, Township 6, Range 8, bounded as follows: Commencing on the North boundary of said quarter near the center of said quarter at the edge of a branch bottom at the head of a ditch and a white oak tree about seven (7) inches through being the starting point thence in a southeastward direction with a ditch 40 rods thence due North 21 rods to North boundary line thence West 40 rods to point of beginning container 2}4 acres more or less.
There had been several hearings at which all issues had been disposed of except the single issue of the location of the boundaries of Mrs. Bolton’s two and one-half acre tract. At the final hearing, the only evidence consisted of testimony of the county surveyor, and of his assistant. A question as to the correction of the survey- or’s instrument was again raised by appellants. This time, however, the chancellor found from the testimony that the survey had been made with a proper instrument, and that it correctly reflected the location and boundaries of the two and one-half acre tract.
Appellants’ brief contains an interesting discussion of the surveyor’s art and a substantial portion of the brief is devoted to technical objections to the manner in which the survey was made. It is urged by appellants that the surveyor failed to allow for certain variations and magnetic declination and that this resulted in an incorrect running of the boundary lines.
A letter from the U. S. Department of Commerce, Coast And Geodetic Survey, was introduced by appellants, without objection, in which it was stated:
In reply to your recent inquiry the present approximate mean value of magnetic declination for the vicinity of Boonville, Mississippi, is 3° 53’ E. . This value was derived from Chart 3077, “Isogonic Chart of the United States, 1965.0.” A value scaled from a chart is to be regarded as a mean for the locality. Its accuracy, at a specific point, is generally considered to be within one-half degree. The possible existence of natural or artificial magnetic disturbance in the area could cause a difference of several degrees.
*524 Magnetic declination in April 1965 was substantially the same as shown above.
Appellants contended that because the surveyor said he had used a magnetic correction of 4o 3(7 rather than 3° 53' that his survey must be rejected out of hand. We think that the letter introduced by appellants themselves indicates that such a categorical statement cannot be supported. There is no evidence to show, unless the letter can be considered as evidence and as showing, that the use of a declination of 4° 30' was error. The statement in the letter is admittedly an “approximate mean” for the location (vicinity of Boonville) the accuracy of which is “generally considered” to be “within one-half degree.” Further, the letter states: “The possible existence of natural or artificial magnetic disturbance in the area could cause a difference of several degrees.” The letter concludes that the “declination in April 1965” (when the survey was made) was “substantially” the same as shown above.
We do not think that the statements, in the letter, under the circumstances in the record, in this case, required the chancellor to reject the survey.
In appellant’s brief it is stated:
The witnesses were conflicting as to the physical objects marking the corners indicating the 2^ acre tract or even the actual location of the corners. Some of the witnesses claimed that the southeast corner was marked by an elm stump which was pointed out by Hicks, whereas one of complainant’s witnesses stated that the southeast corner did not have any stump, but there was a hole that looked like a stump had been pulled out by a dragline. Cleo Harris Bolton and Arthur Harris testified that the northwest corner was marked by a white oak stump whereas William Knight testified that the northwest corner was marked by a poplar stump.
The accuracy of the survey and location of the boundary lines were questions of fact for the trial court. Thornton v. Headrick, 50 So.2d 907 (Miss.1951), sug. of error overruled, 51 So.2d 572 (Miss.1951)
It appears that the chancellor’s findings were supported by the evidence. In no event can it be said from the record that he was manifestly wrong.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ., concur.